UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HAROLD JOE BLACK (#111111)                            CIVIL ACTION

VERSUS

WNC MORVANT, ET AL.                                   NO. 13-0019-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 8, 2013.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**HAROLD JOE BLACK (#111111)**  CIVIL ACTION

**VERSUS**

**WNC MORVANT, ET AL.**  NO. 13-0019-BAJ-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] There is no need for oral argument or for an evidentiary hearing. The petitioner's application does not assert any issues cognizable in a habeas corpus proceeding. Specifically, the petitioner appears to be complaining in this application, not of a judgment of a state court which has resulted in his unconstitutional confinement but, instead, of an alleged wrongful dismissal of a state court administrative proceeding, pursuant to which he was allegedly denied review of one or more prison grievances.

The pro se petitioner, Harold Joe Black, a person previously confined at Winn Correctional Center, Winnfield, Louisiana, has filed several habeas corpus applications in the federal courts of this state, challenging his original conviction and sentence of fifteen (15) years in confinement, entered in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on a charge of cocaine distribution. Upon a review of the record in

---

1. The petitioner filed the instant proceeding on a form for the assertion of a challenge to an alleged unconstitutional conviction under 28 U.S.C. § 2254, but his claim is more properly asserted as a claim challenging the manner in which his criminal sentence has been or is being served under 28 U.S.C. § 2241.

this and other proceedings filed by the petitioner,[2] it appears that after a parole board meeting in October, 2003, he was granted a parole release, contingent upon his participation in a rehabilitation program.  However, when the petitioner was unable or unwilling to participate in the program to which he was initially assigned (purportedly due to medical reasons) and he expressed an unwillingness to participate in any alternative program, the Parole Board revoked the grant of parole on April 13, 2004.  Unhappy with the cancellation of his anticipated release, the petitioner has since attempted to pursue state and federal habeas corpus proceedings relative to such revocation.  It appears that one of these proceedings has recently been dismissed in the United States District Court for the Western District of Louisiana, upon a finding that the plaintiff's claims were moot because he had recently been released on parole supervision.  See Harold Joe Black v. Warden, Winn Correctional Center, Civil Action No. 09-CV-0809-TS-MLH.

In addition to the foregoing, it appears that the petitioner also filed several Requests for Administrative Remedy ("ARPs") at WCC relative to the events surrounding the referenced revocation of his parole.  The first such ARP, submitted to prison officials on or about January 3, 2004, was assigned ARP No. WCC-04-0121.  In that ARP, the petitioner complained that he had wrongly being compelled to participate in the referenced rehabilitation program and that prison officials had failed to timely transfer him to the rehabilitation program so that he could be released on his "P[arole] E[ligibility] D[ate]" of November 2, 2003, as had been recommended by the parole board in granting him parole.  The record reflects that this ARP was rejected by

---

2. A District Court may take judicial notice of the record in prior related proceedings. Missionary Baptist Foundation of America, Inc. v. Wilson, 712 F.2d 206, 211 (5th Cir. 1983). The Court hereby takes judicial notice of other litigation commenced and prosecuted by the plaintiff in the Western District of Louisiana.

prison officials as untimely, upon a determination that it had been submitted more than ninety (90) days after the events complained of in contravention of prison rules regarding the timely submission of ARPs.  Thereafter, on or about August 27, 2004, the petitioner submitted a second ARP to prison officials, which was assigned ARP No. WCC-04-1538.  In that ARP, the petitioner apparently complained of the actions of a WCC Program Manager, Nicole Scott, who the petitioner asserts wrongly refused to authorize the petitioner's release notwithstanding his inability to participate in the referenced rehabilitation program.  It appears that that ARP was also rejected as untimely, although the petitioner contends that prison officials incorrectly calculated the 90-day period in determining such untimeliness.  Finally, on or about December 27, 2004, the petitioner submitted a third ARP to prison officials, which ARP was assigned ARP No. WCC-2005-0086.  In that ARP, the petitioner complained of the actions of the ARP screening officer who had rejected the preceding ARP No. WCC-2004-1538 as untimely.  It is unclear from the record what disposition was made in connection with this third ARP.

At some point in early 2005, after the conclusion of administrative proceedings conducted in connection with the above-referenced ARPs, the petitioner filed a petition for judicial review in the Nineteenth Judicial District Court, complaining of the disposition of the referenced ARPs.  In accordance with state procedure, see La. R.S. 15:1171, et seq., a judicial officer screened the petition for judicial review and, upon a determination that the petition should be allowed to proceed, ordered that the petition be served upon the Secretary of the Louisiana Department of Public Safety and Corrections, and ordered that the Department be directed to file an Answer to the petitioner's allegations.  See rec.doc.no. 1-1 at p. 1.  That Answer was filed in the state court proceedings on December 6, 2005.  See id. at p. 20.  The petitioner, however, took no further action in connection with the pending proceedings and, after

the passage of more than three (3) years without any activity, the State of Louisiana filed a Motion to Dismiss, asserting that the plaintiff had abandoned his claims. On April 11, 2011, a state court commissioner recommended that the Motion to Dismiss be granted, see id. at p. 7, and on May 12, 2011, the state district judge accepted that recommendation and dismissed the petitioner's claims as abandoned, see id. at p. 6. The petitioner appealed that determination to the Louisiana appellate courts, and on November 2, 2012, the Louisiana Supreme Court denied review without comment. See id. at p. 2.

Now, in the instant proceeding, the petitioner complains of the foregoing actions of the state court commissioners, district judges and appellate judges who ultimately determined and/or upheld the determination that his petition for judicial review had been abandoned as a result of the petitioner's inaction in the state court proceedings.

The petitioner's claim is not properly before the Court in the form of an application for a writ of habeas corpus. The essence of a habeas corpus application is "an attack by a person in custody upon the legality of that custody," and it has been stated that "the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). In the instant case, however, the petitioner attacks only the judgment of a state court which did not result in his custody, illegal or otherwise. To the contrary, the state court judgment under attack did no more than determine that a pending lawsuit filed by the plaintiff, wherein the plaintiff complained of the alleged denial of due process in connection with prison administrative proceedings, was subject to dismissal as having been abandoned. The relief which the petitioner requests in his application is that this Court "invalidate" the state courts' determinations which "impos[ed] abandonement [sic]" in connection with his administrative claims. Accordingly, even if the requested relief were granted by this Court, such relief would

have no impact upon the plaintiff's custody status and would merely allow his administrative claims to proceed. This is not a proper subject for habeas corpus review.

The above conclusion is further compelled by consideration of (1) the persons named as "respondents" by the petitioner in his habeas corpus application, notably the state court commissioners and judges who allegedly wrongly determined that his pending judicial proceedings were subject to dismissal as having been abandoned, and (2) the relief sought by the petitioner in this proceeding. First, as a general rule, the person who should appropriately be named as the respondent in a habeas corpus proceeding is the warden or person who is the petitioner's custodian and who, if the petitioner is successful, may be ordered by a court to release the petitioner from such custody. Accordingly, the state court judicial officers in this case are not the proper respondents in a habeas corpus proceeding. Second, under the Rooker-Feldman doctrine, a federal district court does not have the authority to consider collateral attacks on state court judgments. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). See also Lampkin-Asam v. Supreme Court of Florida, 601 F.2d 760 (5th Cir. 1979) (finding it axiomatic that "a federal district court, as a court of original jurisdiction, lacks appellate jurisdiction to review, modify, or nullify a final order of a state court"). Nor may a party circumvent this rule by bringing a separate federal action in which he alleges that the state court decision caused a deprivation of his rights protected by the Constitution. See Hultburg v. Louisiana, 163 F.3d 1356, *4 (5th Cir. 1998). Accordingly, this Court does not have jurisdiction to grant the relief requested by the petitioner herein. Similarly, it has been held that the mandamus authority of the federal courts does not extend to state officials, and this Court, therefore, is unable to grant the relief sought by the plaintiff, compelling state judicial officers to allow the plaintiff's

administrative claims to proceed.  See, e.g., Nabelek v. Collins, 48 Fed. Appx. 104, 2002 WL 31017129 (5th Cir. Aug. 20, 2002), cert. denied, 537 U.S. 1118 (2003) (disallowing a claim for mandamus relief by a state prisoner who sought an order compelling a state court judge to rule upon pending motions); Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973) ("a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought").

## RECOMMENDATION

It is recommended that the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed, with prejudice.

Signed in Baton Rouge, Louisiana, on October 8, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**