UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HAROLD JOE BLACK (#111111)                  CIVIL ACTION

VERSUS

WNC MORVANT, ET AL.                 NO.: 3:13-cv-00019-BAJ-RLB

### RULING AND ORDER

Before the Court is Petitioner's *pro se* motion styled **RECONSIDER (Doc. 13 (hereinafter "Motion"))**, urging that the Court "retriev[e] dismissal" of his petition for habeas corpus, and "award habeas relief," (*id.* at p. 9).

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, Federal Rule of Civil Procedure ("Rule") 59(e) provides that a party may file "[a] motion to alter or amend a judgment [within] 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). This Court denied Petitioner's § 2254 petition on December 4, 2013. (Doc. 12). Fifteen days later, on December 19, 2013, Petitioner filed the Motion that is the subject of this Order. (Doc. 13). Accordingly, the Court will treat Petitioner's Motion as a Rule 59(e) Motion to Alter or Amend a Judgment. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (admonishing that *pro se* complaints are "[held] to less stringent standards than formal pleadings drafted by lawyers").

The U.S. Fifth Circuit has explained Rule 59(e)'s purpose and proper application as follows:

> A Rule 59(e) motion calls into question the correctness of a judgment. This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (quotation marks, citations, and alterations omitted).

Petitioner's Rule 59(e) motion fails to demonstrate any "manifest error[] of law or fact or to present newly discovered evidence," such that would cause this Court to reconsider its denial of his § 2254 petition. Indeed, Petitioner's Motion merely cites additional (inapposite) authority for his claim that a habeas petition pursuant to 28 U.S.C. § 2254 is the proper vehicle for pursuing reinstatement of his state court administrative proceedings. (*See generally* Doc. 13). Having already considered and rejected Petitioner's assertion that he may obtain the relief he seeks through federal habeas proceedings, (*see* Doc. 6 at pp. 5–7 (Magistrate Judge's Report determining that "petitioner's claim is not properly before the Court in the form of an application for a writ of habeas corpus"); Doc. 12 at p. 1 n.1 (Order Adopting Magistrate Judge's Report, noting that "Petitioner has failed to explain how his habeas petition, if granted, would impact his custody status, rather than simply reinstate his administrative claims")), Petitioner's argument and points of

authority cannot now serve as a basis for amending or modifying the judgment in his case. *Templet*, 367 F.3d at 478–79.

In sum, Petitioner has failed to carry his burden of proving that the "extraordinary remedy" of reconsideration of judgment is required here. *Id.* at 479. Accordingly,

**IT IS ORDERED** that Petitioner's **MOTION (Doc. 13)** is **DENIED**.

Baton Rouge, Louisiana, this 8th day of July, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**