UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HAROLD JOE BLACK (#111111)** | **CIVIL ACTION** |
| **VERSUS** | |
| **WNC MORVANT, ET AL.** | **NO.: 13-00019-BAJ-RLB** |

RULING AND ORDER

Before the Court is *pro se* Petitioner Harold Joe Black's motion styled **Motion for Reconsider Denial of Petitioner Rule 60(b) Motion** [sic] **(Doc. 22)**, in which Petitioner urges the Court to reconsider its previous denial of, or allow re-filing of, Petitioner's **Rule 60(b) Motion (Doc. 19)**.

I. BACKGROUND

This Court denied Petitioner's § 2254 petition on December 4, 2013. (Doc. 12). Fifteen days later, on December 19, 2013, Petitioner filed a motion styled **Reconsider (Doc. 13)**, which this Court interpreted as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure ("Rule") 59(e) and denied on July 9, 2014, (*see* Doc. 16). On July 31, 2014, Petitioner filed notice of appeal to the U.S. Court of Appeals for the Fifth Circuit, to appeal this Court's denial of his Rule 59(e) motion. (Doc. 18). While his appeal was pending, Petitioner filed a Rule 60(b) motion in this Court—the subject of proposed reconsideration in the instant motion—urging that the Court reconsider its prior orders denying habeas corpus relief. (*See* Doc. 19).

1

The Court dismissed Petitioner's Rule 60(b) motion for lack of jurisdiction during the pendency of Petitioner's appeal, citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). (Doc. 20).

On September 4, 2014, the Court of Appeals dismissed Petitioner's appeal for want of prosecution, for Petitioner had failed to timely pay the appellate filing fee. (Doc. 21). Thereafter, on September 17, 2014, Petitioner filed the instant motion.

## II. DISCUSSION

While the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, "[a]ny motion termed as such will be treated as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b)." *Harrington v. Runyon*, 98 F.3d 1337, 1337 (5th Cir. 1996). "If a motion for reconsideration is filed within twenty-eight days of the entry of the order or judgment being challenged, it will be treated as a 59(e) motion; if it is filed after twenty-eight days, it will be treated as a 60(b) motion." *Turner v. Chase*, No. 08-4951, 2010 WL 2545277, at *2 (E.D. La. June 16, 2010) (internal quotation marks and edits omitted). Here Petitioner's instant motion requests the Court reconsider its Ruling and Order signed September 2, 2014, which dismissed Petitioner's Rule 60(b) motion. Because the instant motion was filed on September 17,

2014, within twenty-eight days of the challenged Ruling, it is treated as a motion pursuant to Rule 59(e).

The U.S. Fifth Circuit has explained Rule 59(e)'s purpose and proper application as follows:

> A Rule 59(e) motion calls into question the correctness of a judgment. This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (quotation marks, citations, and alterations omitted).

Although the Court does not find the arguments of Petitioner's instant Motion easy to discern, Petitioner appears to assert two distinct arguments as to this Court's errors in denying Petitioner's Rule 60(b) motion. First, Petitioner argues that his appeal was no longer pending at the time of this Court's Ruling on September 2, because Petitioner's deadline to pay his appellate filing fee had already elapsed by that date, and Petitioner had made no payment. (Doc. 22 at pp. 1–2). The Court rejects Petitioner's asserted duration of the pendency of his appeal. The Court of Appeals did not issue a judgment regarding Petitioner's appeal until September 4, and the Court deems September 4 as the terminus for the pendency of Petitioner's appeal.

Second, Petitioner argues that the Court erred in requiring him to pay the appellate filing fee in the amount of $505.00. (Doc. 22 at p. 2). The record reflects, however, that Petitioner never filed a motion to proceed *in forma pauperis* on appeal. Furthermore, such an argument does not address the correctness *vel non* of this Court's denial of Petitioner's Rule 60(b) motion.

Nonetheless, the Court evaluates *pro se* Petitioner's Motion according to more relaxed pleading standards. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (*pro se* complaints "[held] to less stringent standards than formal pleadings drafted by lawyers"). Prompted by Petitioner's motion challenging the legal and factual basis of its prior ruling, the Court finds a compelling basis for this Court's reconsideration pursuant to Rule 59(e): it erred in dismissing Petitioner's Rule 60(b) motion for lack of jurisdiction, because notice of appeal to the Fifth Circuit Court of Appeals did not deprive this Court of the power to evaluate the merits of, specifically, a Rule 60(b) motion.

As a general rule, the filing of a notice of appeal divests the district court of jurisdiction over aspects of the case involved in the appeal. *See Griggs*, 459 U.S. at 56. In the Fifth Circuit, however, Rule 60(b) motions present an exception to that rule. "When a Rule 60(b) motion is filed while an appeal is pending, this circuit . . . has expressly recognized the power of the district court to consider on the merits and deny a 60(b) motion filed after a notice of appeal, because the district court's action is in furtherance of the

appeal." *Willie v. Cont'l Oil Co.*, 746 F.2d 1041, 1046 (5th Cir. 1984), *on reh'g*, 784 F.2d 706 (5th Cir. 1986). *See also Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 932 (5th Cir. 1976) (stating that where a Rule 60(b) motion is filed after appeal is noticed, "[t]here should be an opportunity for the district court in the first instance to reach the merits of the motion and either deny it, or, if the motion is to be granted, seek authorization to grant it").

There is a practical reason for the carve-out of Rule 60(b) motions from the general rule that district courts are divested of jurisdiction pending appeal. Grounds for relief under Rule 60(b) are subject to time limitations relative to the date of the challenged order or judgment.[1] "[I]t will often be the case that a Rule 60(b) motion will-indeed must-be filed while an appeal is pending. Therefore, the question is which court can deal with the motion during appeal." *Silva v. Harris Cnty.*, 5 F.3d 1496, 1496 (5th Cir. 1993).

In ruling on a Rule 60(b) motion after appeal has been noticed, "the district court has two choices: either grant the motion, if given leave to do so by the appellate court; or consider the motion on its merits, and deny it. But, *the district court does not have the option simply to deny the motion, without considering it on its merits.*" *Silva*, 5 F.3d at 1496 (emphasis added). Thus, the Court committed a manifest error of law in its Ruling issued September

---

[1] "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1) [mistake, inadvertence, surprise, or excusable neglect], (2) [newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)], and (3) [fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party] no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(b), 60(c).

5

2, 2014, in which it dismissed Petitioner's Rule 60(b) Motion for lack of jurisdiction. (*See* Doc. 20).

Accordingly,

**IT IS ORDERED** that Petitioner Harold Joe Black's **Motion for Reconsider Denial of Petitioner Rule 60(b) Motion** [sic] **(Doc. 22)** is **GRANTED**.

**IT IS FURTHER ORDERED** that this Court's **Ruling and Order (Doc. 20)** is **VACATED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall reinstate Petitioner's **Rule 60(b) Motion (Doc. 19)** to the docket.

Baton Rouge, Louisiana, this 13th day of January, 2015.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**