UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| HAROLD JOE BLACK (#111111) | CIVIL ACTION |
| VERSUS | |
| WNC MORVANT, ET AL. | NO.: 13-00019-BAJ-RLB |

### RULING AND ORDER

Before the Court is *pro se* Petitioner Harold Joe Black's **Rule 60(b) Motion (Doc. 19)**. Under Federal Rule of Civil Procedure ("Rule") 60(b), Petitioner seeks to "defeat" this Court's dismissal of his § 2254 habeas petition.

The Court dismissed Petitioner's Petition Under 28 U.S.C. § 2254 (Doc. 1) on December 4, 2013. (*See* Doc. 12). Fifteen days later, Petitioner filed a motion styled Reconsider (Doc. 13) in response to the Court's dismissal, which the Court construed as a motion to alter or amend judgment pursuant to Rule 59(e). On July 9, 2014, the Court denied Petitioner's Rule 59(e) motion for failure to demonstrate any "manifest error[] of law or fact or to present newly discovered evidence." (Doc. 16 at p. 2). In the instant motion, Petitioner again urges the Court to reconsider its dismissal of his habeas petition, except this time pursuant to Rule 60(b).

Rule 60(b) provides that a district court may "relieve a party or its legal representative from a final judgment, order, or proceeding" for any one of certain enumerated grounds, including fraud, mistake, or newly discovered evidence. Fed. R. Civ. P. 60(b). "The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all

1

the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). It is important to establish that Rule 60(b) "does not provide for relief from a judgment in a criminal case." *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999). "[A] Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

In the instant motion, Petitioner does not identify a legitimate ground on which he pursues Rule 60(b) relief. Petitioner begins by contending that the Court erred in "requiring this Petitioner to pay appellate $455 filing fee, after his habeas was denied." (Doc. 19-1 at p. 1). Such an argument is wholly unrelated to the challenged Court judgment dismissing Petitioner's habeas claim.[1] Then, Petitioner proceeds to merely rehash arguments for habeas relief already asserted in his Petition, (Doc. 1), and his Rule 59(e) motion, (Doc. 13). Petitioner has not asserted the existence of mistake, fraud, newly discovered evidence, or any other basis for relief under Rule 60(b) that goes toward some defect in the integrity of Petitioner's federal habeas proceedings. The Court is unable to discern any viable Rule 60(b) claim in Petitioner's motion, even according to the more relaxed pleading standards by which the Court considers *pro se* filings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (*pro se* complaints "[held] to less stringent standards than formal pleadings drafted by lawyers").

---

[1] Furthermore, the record reflects that Petitioner never filed a motion to proceed on appeal *in forma pauperis*.

2

Accordingly,

**IT IS ORDERED** that Petitioner's **Rule 60(b) Motion (Doc. 19)** is **DENIED**.

Baton Rouge, Louisiana, this 21st day of January, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA